01

02

03

04

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICHARD LESLIE HATFIELD,              )     CASE NO. C07-0296-JCC
                                      )
              Plaintiff,              )
                                      )
       v.                             )     REPORT AND RECOMMENDATION
                                      )
MANFRED STUMPF, et al.,               )
                                      )
              Defendants.             )
_____ )

Plaintiff, a Washington state prisoner, is proceeding *pro se* and *in forma pauperis* in this action pursuant to 42 U.S.C. § 1983. Plaintiff alleges in his amended complaint that he injured his ankle when he slipped while working in the kitchen at the Twin Rivers Correctional Center in Monroe, Washington. (Dkt. #10 at 4). Plaintiff further alleges that his injury was wrongly diagnosed as a sprain instead of a break and that it took medical staff six weeks to identify his injury as a fracture. (*Id*.) Plaintiff seeks damages from various prison officials and medical staff whose conduct, he argues, violated his constitutional rights.

On March 6, 2007, the court, upon screening plaintiff's complaint, granted him leave to amend the complaint to correct certain deficiencies. (Dkt. #6). Specifically, the court pointed out that "[a]lthough mere negligence may support a state tort claim, it is not actionable under section

REPORT AND RECOMMENDATION
PAGE -1

01 1983." (*Id*. at 2, *citing Daniels v. Williams,* 474 U.S. 327, 333 (1986)).  The allegations in

02 plaintiff's first complaint merely stated a cause of action for negligence.  *See Jackson v. Arizona*,

03 885 F.2d 639, 641 (9th Cir. 1989) (holding that slippery floors, without more, do "not state even

04 an arguable claim for cruel and unusual punishment"), *superseded by statute as stated in*, *Lopez*

05 *v. Smith,* 203 F.3d 1122, 1130-31 (9th Cir. 2000).  To file a complaint based upon a violation of

06 his constitutional rights, plaintiff is required to meet a higher standard than negligence.  To pursue

07 his claim here, he must show that prison officials were deliberately indifferent to his safety by

08 consciously disregarding an excessive risk of harm to his health.  *See Farmer v. Brennan*, 511 U.S.

09 825, 833-38 (1994); *see also Wilson v. Seiter*, 501 U.S. 294, 302 (1991) ("[O]ur cases say that

10 the offending conduct must be *wanton.*") (Emphasis in original).

11        On April 18, 2007, after receiving an extension of time, plaintiff filed his amended

12 complaint.  (Dkt. #10).  Upon examining the amended complaint, the court concludes that it

13 suffers from the same deficiency as the original.  Although the amended complaint asserts that

14 defendants acted with "deliberate indifference" towards plaintiff's safety, the facts alleged, even

15 if true, do not establish this level of culpability.  Unlike the plaintiff in *Frost v. Agnos*, 152 F.3d

16 1124, 1129 (9th Cir. 1998), plaintiff here does not allege that he is disabled nor that he suffered

17 repeated injuries by slipping and falling in the kitchen.  The closest that plaintiff comes to alleging

18 deliberate indifference is his vague assertion that one of the defendants once slipped on the floor

19 himself and, presumably, was thereby alerted to the dangerous condition that harmed plaintiff.

20 (Dkt. #10 at 7).  However, one accident in a prison kitchen does not show that prison officials

21 unreasonably ignored an excessive risk or acted in a wanton manner.  *See, e.g., LeMaire v. Maass*,

22 12 F.3d 1444, 1457 (9th Cir. 1993) (shackling a dangerous inmate in shower, even if he might fall,

REPORT AND RECOMMENDATION
PAGE -2

01  does not violate the Eighth Amendment); *Tunstall v. Rowe*, 478 F. Supp. 87 (N.D. Ill. 1979)

02  (greasy staircase that caused prisoner to slip and fall did not violate the Eighth Amendment);

03  *Robinson v. Cuyler*, 511 F. Supp. 161, 163 (E.D. Pa. 1981) (slippery kitchen floor does not inflict

04  cruel and unusual punishment); *Snyder v. Blankenship*, 473 F. Supp. 1208, 1212 (W.D. Va. 1979)

05  (leaking dishwasher which caused prisoner to slip and fall did not violate Eighth Amendment).

06       The other allegations in plaintiff's amended complaint merely restate his previous

07  allegations regarding the medical treatment that he received for his ankle injury.  As stated in the

08  court's previous Order granting him leave to amend, plaintiff's medical claim is essentially a claim

09  of negligence and does not state a constitutional violation.  While plaintiff may be able to seek a

10  remedy in state court, negligence is not actionable under § 1983 in federal court.  *See Farmer*, 511

11  U.S. at 835.

12       Accordingly, the court recommends that plaintiff's amended complaint and this action be

13  dismissed, without prejudice, under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon

14  which relief can be granted.  A proposed Order accompanies this recommendation.[1]

15       DATED this 24th day of April, 2007.

16

17       Mary Alice Theiler
         United States Magistrate Judge

18

19

20  _____

21  [1] Plaintiff has also filed a motion for a temporary restraining order, barring defendants from transferring him in retaliation for filing this lawsuit.  (Dkt. #11).  Although plaintiff has offered no evidence that prison officials are considering transferring him, the court need not reach the merits

22  of the motion as it may be denied as moot once this action is dismissed.

REPORT AND RECOMMENDATION
PAGE -3